*In re* METROPOLITAN EL. RY. CO. *et al.*

*In re* JONES *et al.*

(*Supreme Court, General Term, First Department.* November 18, 1892.)

PRACTICE IN CIVIL CASES—STIPULATIONS.

An injunction and damages were granted plaintiff against a street-railway company for building its road in front of plaintiff's property. As a condition for staying the injunction pending an appeal by defendant company, the court required defendant to stipulate that it would "contest the plaintiff's right only in this action." Afterwards the judgment was reversed, and a new trial was granted. *Held*, that defendant was concluded by such stipulation from proceeding to condemn plaintiff's easements in the street.

Appeal from special term, New York county.

Application by the Metropolitan Elevated Railway Company and another for the appointment of commissioners of appraisal to condemn land in the city of New York. The application was denied, and petitioners appeal. Affirmed.

For former reports, see 13 N. Y. Supp. 159; 18 N. Y. Supp. 899.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

*Davies & Rapallo,* (*Julian T. Davies* and *Alex. S. Lyman,* of counsel,) for appellant. *W. G. Peckham,* for respondent.

O'BRIEN, J. The American Bank-Note Company brought an action against the railway company for an injunction and damages. This action proceeded to judgment of injunction and for damages, from which defendants appealed to the general term of this court. Pending appeal, the railway company applied for and obtained a stay of the injunction, upon condition of their entering into the following stipulation, which was duly made: "As a condition of obtaining the stay of the injunction contained in the judgment herein, imposed upon these defendants by an order entered herein on the 8th day of October, 1890, and solely under compulsion of the said order, the defendants above named, and each of them, hereby stipulate that they, or either of them, will not institute or prosecute any proceedings to condemn the property described in the complaint herein, pending the stay granted by this order; and that they, and each of them, will contest the plaintiff's rights only in this action, and that they will prepare a case on appeal at once." The general term reversed the judgment against the railway company, and ordered a new trial, and thereafter the company made their motion for the appointment of commissioners of appraisal, which was denied upon the ground that they had expressly stipulated that they would not contest the plaintiff's rights except in the action, and that this stipulation debarred them from pursuing the proceeding to condemn. We are referred to many canons of construction relating to stipulations and statutes where, by reason of their wording, the meaning is obscure or doubtful. Such rules are only useful where the language itself is not clear, and where no more certain means of arriving at the true intent and meaning of the stipulation or statute are available. The language of the stipulation, the terms of which are sought to be brought in question, is clear and unambiguous, and accords with the view taken by the learned judge at special term, that the petitioners are precluded by such stipulation from proceeding to have commissioners of appraisal appointed, or from proceeding in any manner except to contest the rights of the American Bank-Note Company in the action brought by it. We are of opinion, therefore, that the order appealed from should be affirmed, with costs. All concur.