## AMERICAN BANK-NOTE CO. v. MANHATTAN RY. CO. et al.

(*Supreme Court, General Term, First Department.* November 18, 1892.)

PRACTICE IN CIVIL CASES—STIPULATIONS—ESTOPPEL TO DENY VALIDITY.

Where the court required defendants to stipulate that they "would contest the plaintiff's rights only in this action," as a condition precedent to granting a stay of an injunction pending an appeal, the defendants, having obtained the stay of the injunction, cannot say that the court had not the power to impose such a condition.

Appeal from special term, New York county.

Action by the American Bank-Note Company against the Manhattan Railway Company and others to recover damages for building railway in front of plaintiff's property and for an injunction. From an order requiring stipulation as condition of granting stay of injunction pending appeal, the defendants appeal. Affirmed.

For former reports, see 18 N. Y. Supp. 935, *mem.;* 19 N. Y. Supp. 1000, *mem.*

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*Davies & Rapallo,* (*Julian T. Davies* and *Alexander S. Lyman,* of counsel,) for appellants. *Peckham & Tyler,* (*W. G. Peckham,* of counsel,) for respondent.

O'BRIEN, J. The facts connected with the giving of the stipulation, and the stipulation itself, are stated in the opinion herewith handed down. *In re Metropolitan Ry. Co.,* 20 N. Y. Supp. 818. The principal insistence upon this appeal is that the court had no power to compel the railway company to give a stipulation which would deprive it of the right of eminent domain beyond the life of the judgment appealed from, and that, though it be conceded that the court had such power to exact it, it was inequitable and an abuse of discretion. In this connection, however, it should be remembered ·that the defendant was applying to the judge for a favor; and we are referred to no reason or authority which would prevent a court or judge from imposing conditions, no matter how onerous, as a consideration for granting a stay pending appeal. It was entirely competent for the defendants, when the terms were made known, not to accept the same. But we fail to see how, after having taken advantage of the favor granted, they can now refuse to comply with the stipulation imposed as a condition for the granting of such a favor. This view is inconsistent with our right to pass upon the hardship or the inequitable claim urged against the stipulation. All the facts were before the judge, and, whatever our view might be in reference thereto, we would not be justified, after the railway company has accepted of the benefits, to absolve it from the obligations imposed by the judge. We think, therefore, that the order appealed from should be affirmed, with costs.